## JOHN G. WILLIAMS *v.* THE INSURANCE COMPANY OF NORTH AMERICA.

A part-proprietor of a vessel had agreed with one of his co-proprietors for a sale of his interest to the latter; and by the agreement the purchaser agreed to give a bill of sale of his own interest in the vessel as security for the performance of the agreement upon his part. The seller subsequently applied for and obtained an insurance on the freight, and, a loss occurring, brought an action on the policy. It did not appear clearly what had been done under the agreement of sale; whether the purchaser had executed the stipulated bill of sale or not. The interest of the purchaser in the vessel had been sold on execution.

*Held,*—1. That, upon the construction of the agreement, it was evidently not the intention of the parties that the interest to be sold should pass, unless the purchaser transferred his interest in the vessel as security.

2. That, there being no evidence that the agreement had been fully performed on both sides, a jury were warranted in inferring that at the time of loss the plaintiff had an interest, either as proprietor of his own original share, or as mortgagee of the interest of the purchaser, which could not be affected by the sale on execution.

3. That it was immaterial (the policy being a valued policy) what was the extent of plaintiff's interest; but either interest above named would enable him to maintain the action.

The presumption is, that freight belongs, as the earnings of the vessel, to the owners.

When a verdict is taken subject to the opinion of the court, the court will draw, in support of the verdict, every inference from the evidence which a jury would be justified in drawing.

- MOTION by plaintiff for judgment on a verdict taken subject to the opinion of the court at general term. This action was brought upon a policy of insurance upon freight of merchandise, laden or to be laden on the propeller General Warren, owned by plaintiff. The question in the case was, whether plaintiff had an insurable interest at the time of the loss? The facts, so far as this question is concerned, were as follows :

In August, 1850, John G. Williams, the plaintiff, was owner of one-eighth of the propeller General Warren, and Nathaniel Dole was owner of five-sixteenths of her. On the 7th of August Williams and Dole entered into an agreement, in writing, where-

by, among other things, Williams agreed to sell, and Dole to buy Williams' eighth of the vessel, for $10,000, payable in two equal payments, on the first days of January and February, 1851. And Dole agreed, among other things, to give Williams a bill of sale of his five-sixteenths of the vessel as security for the fulfilment of the agreement on his (Dole's) part, and also to assign his interest on the policies of insurance on the steamer; and also to effect policies of insurance on freight of the steamer, to the amount of $10,000, and assign them to Williams. By the further terms of this agreement, Dole agreed that, in case he should make default in any of the payments promised in the agreement, then the title vested in Williams by the deposit of the aforesaid securities should ever remain so vested, and Dole should forfeit all claims thereto. And Williams agreed that, in case Dole should make the payments agreed on, then Williams should reconvey to him all interest in the securities in question; and that, meantime, he would not interfere in the management of them, except in case of default in payment by Dole.

In June, 1851, the plaintiff applied to the defendants for insurance on the freight of the General Warren, and the policy in suit was issued. It was dated June 5, 1851, and insured $5,000 on the freight of the vessel, for one year from April 26, 1851. The freight was valued therein at the sum insured, carried or not carried; and it was agreed that the policy should be proof of interest. The loss, if any, was made payable to the plaintiff.

Early in 1852, and before the loss of the propeller was known at New York, the plaintiff stated to the agent of the defendants that the interest of the parties to whom he sold the vessel had been sold out by the sheriff, or marshal, in San Francisco. The agent thereupon remarked that he had no further insurable interest, and had better cancel the policies, and accept a return of part premium. The plaintiff thereafter brought in the policy upon the vessel, and it was canceled; but he declined to cancel the policy on freight, saying he would retain it—it was all he had left to depend upon of the General Warren.

The vessel was lost in the Columbia River in January, 1852, by 'the perils insured against, being full freighted at the time.

Upon these facts the counsel for defendants moved, at the trial, to dismiss the complaint, chiefly upon the ground that the interest of the original assured in the vessel was divested prior to the voyage in which the loss was alleged to have taken place, and there was no evidence of any privity between the new proprietors and the plaintiff, nor of any freight contract commenced before the divesting the plaintiff's interest; and that the plaintiff therefore could not recover.

The judge reserved the question raised by defence, and directed a verdict for the plaintiff, subject to the opinion of the court.

*F. B. Cutting*, for the plaintiff.

I. The plaintiff had an insurable interest in the freight of the steamer at the time of effecting the policy, and at the time of the loss. He was to have been paid out of the earnings.

The character of his interest was explained to the defendant, and the policy was framed for the express purpose of covering it.

The policy stipulated that its production should be sufficient proof of interest in the plaintiff.

He was mortgagee of the steamer, and the mortgage debt was to have been paid from her earnings. 9 S. & R. 103; *Lucena v. Crawford*, 5 Bos. & Pul. 269, 302; *Hancox v. Fishing Co.*, 3 Sum. R. 132, 140; 1 Arn. Ins. 229.

II. The interest of the plaintiff continued until the loss of the steamer. There is no evidence that he had sold or parted with his interest; and, on the contrary, it appears that the policy on the freight was all he had left to depend upon.

III. The sale by the sheriff of the right, title, and interest of Dole, the mortgagor, even assuming that there is legal evidence that his title was divested (which is denied), could not affect or impair the insurable interest of the plaintiff, or deprive him of

the right to enforce a contract of insurance made for the express purpose of protecting that interest.

*D. Lord*, for the defendants.

I. The policy in suit was only for the benefit of the plaintiff and his vendee, Dole, and rested upon the interest of the latter in the freight. Phil. on Ins. 211, §§ 279, 282, 388; *Baudy* v. *Union In. Co.*, 2 Wash. C. C. R. 391; *Seaman* v. *Loring*, 1 Mason R. 136.

Dole, being in possession as vendee, was responsible for expenses, and while so was entitled to freight; and this, being the only real interest, is to be deemed that which is admitted by the policy, and to which alone it attached. Even if the plaintiff had been entitled to resume possession of the vessel, at the time of her sale in San Francisco, in the fall of 1851, he had no interest in her freight, which was the fruit of a contract by the new owner, his expenditures and liability, with no obligations between him and the plaintiff as to the freight.

II. The expression in the policies, "for whom it may concern," does not embrace any parties but those interested at the time of effecting the policy, and on whose behalf it was made. (Authorities under first point.)

III. The interest insured must continue in the same parties until the time of the loss: otherwise the interest insured is not the interest which suffers the loss. 1 Arn. on Ins. 231, 2; 1 Phil. Ins. 62, §§ 85, 87; *Powles* v. *Jones*, 11 Mees. & Wels. 10.

As in this case, by the sale, the plaintiff and his vendee, Dole, ceased to be entitled to the freight contemplated in the policy; and, whether earned by the safe performance of the voyage, or lost by its defeat by wreck, it was the same to them; they would not be entitled to it in either case. They cannot, therefore, get it from the insurers.

IV. To allow a recovery on an insurance after the insured had ceased to have any interest, is, in effect, to make the policy a wager and not an indemnity against the perils insured against. The insurers, if made liable now, are made to indemnify the

plaintiff, not only against the perils of the sea, but against judgments and executions against his vendee—in all respects contrary to the principles of the contract of insurance.

DALY, J.—It was admitted upon the trial that the vessel had been lost by the perils insured against, and that the policy was not a wager policy; the question therefore is, whether the plaintiff had an insurable interest in the freight when he effected the policy and at the time of the loss, or if he had an interest in the freight when he effected the policy, was it put an end to by the sale of Dole's interest in the vessel by the sheriff, or marshal, in San Francisco?

If Dole executed the bill of sale, which by the agreement he bound himself to do, as security for the performance of the agreement on his part, then the legal title to five-sixteenths of the vessel was in the plaintiff, subject to be divested by the performance of the agreement by Dole; and if Dole did not execute the bill of sale, then the plaintiff's interest in the one-eighth of the vessel did not pass to Dole, for it is apparent, upon the construction of the whole agreement, that it was not the intention of the parties that that interest should pass, unless Dole transferred to the plaintiff his title to the five-sixteenths of the vessel as security— a title which was to vest in the plaintiff absolutely if Dole failed to make the payment according to the terms of the agreement. It did not appear positively what had been done under the agreement: whether the plaintiff had loaned the sums he agreed to loan, or whether Dole had given the bill of sale; but, from the declarations of the plaintiff, a jury would have the right to infer that the plaintiff had a claim upon the freight, either for money advanced under the agreement, which had not been repaid, or by virtue of his title as owner, which had not been divested by the failure of Dole to comply with the conditions of the agreement. There was no evidence in the case that would warrant them in coming to the conclusion that the agreement had been fully performed in all its parts, so as to divest the plaintiff of all interest in the vessel, and of all claim upon her earnings, when

the vessel, or Dole's interest in her, was sold at San Francisco; and if they could not come to that conclusion, then there was proof before them that the plaintiff had an interest as owner, whether in one-eighth or in five-sixteenths was immaterial, which could not be affected by the sale of Dole's interest. When the vessel was lost, she had a full freight on board, and if it had been earned, it must be presumed, as there was no evidence that any one else was entitled to it, that it belonged, as the earnings of the vessel, to the owners.

When a verdict is taken subject to the opinion of the court, every inference which a jury would be justified in drawing from the evidence, the court will draw in support of the verdict; and the evidence warrants the conclusion, that the plaintiff, when the vessel was lost, had an interest in her as owner, and, as one of the owners, an insurable interest in the freight, which was valued by the policy. The plaintiff is, therefore, entitled to judgment for the amount of the verdict—$6,414.58.

Judgment accordingly